UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

AMERISURE INSURANCE COMPANY, a
Foreign corporation, individually and as
subrogee and assignee of WALMART, INC.     Case No. 1:20-CV-20442-FAM
f/k/a WAL-MART STORES, INC.,

      Plaintiff,

vs.

SENECA SPECIALTY INSURANCE COMPANY,
a Foreign corporation, and MRK CONSTRUCTION,
INCORPORATED, a Florida Corporation,

      Defendants.
_____/

**PLAINTIFF AMERISURE INSURANCE COMPANY'S RESPONSE TO DEFENDANT SENECA SPECIALTY INSURANCE COMPANY'S MOTION TO DISMISS COUNTS 1 AND 2 OF AMERISURE'S COMPLAINT**

Plaintiff AMERISURE INSURANCE COMPANY, a Foreign corporation, individually and as subrogee and assignee of WALMART, INC. f/k/a WAL-MART STORES, INC. ("Amerisure"), by and through its undersigned counsel, opposes Defendant SENECA SPECIALTY INSURANCE COMPANY's ("Seneca") Motion to Dismiss Counts 1 and 2 of Amerisure's Complaint (D.E. 11) (hereinafter the "Motion to Dismiss"). For the reasons set forth herein, this Court should deny the Motion to Dismiss.

**I.**    **Seneca's Motion to Dismiss with respect to Count I should be denied as moot because Amerisure has voluntarily dismissed Count I.**

Federal Rule of Civil Procedure 41 provides that a plaintiff may voluntarily file a notice of dismissal of a claim before the opposing party serves an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Where a plaintiff voluntarily dismisses a claim following a motion to dismiss by the defendant, the defendant's motion to dismiss should be denied as moot. *See, e.g., Cutler v. Voya Fin., Inc.*, No. 18-20723-Civ-WILLIAMS/TORRES, 2018 U.S. Dist. LEXIS

1

144521, at *4 n.3 (S.D. Fla. Aug. 23, 2018) (denying defendant's motion to dismiss count 2 as moot where plaintiff voluntarily withdrew count 2 following defendant's motion to dismiss); *Swipe for Life v. Xm Labs*, No. 10-22337-CIV-SEITZ/SIMONTON, 2011 U.S. Dist. LEXIS 169579, at *6 (S.D. Fla. Nov. 8, 2011) (stating that "the Court must deny, as moot, Defendants' Motion to Dismiss Counts II, III, IV, and VII" because plaintiff filed notice of voluntary dismissal of those claims after defendants filed motion to dismiss); *Easton v. Gilbert S. Corp.*, No. 94-505-CIV-UNGARO-BENAGES, 1994 U.S. Dist. LEXIS 20564, at **12-13 (S.D. Fla. Nov. 23, 1994) (denying defendant's motion to dismiss count II of complaint as moot because plaintiff voluntarily dismissed count II after motion to dismiss was filed). Following Seneca's Motion to Dismiss, Amerisure filed a Notice of Voluntary Dismissal of Count I (D.E. 22). Accordingly, this Court should deny Seneca's Motion to Dismiss with respect to Count I as moot.

**II.      Seneca's Motion to Dismiss with respect to Count II should be denied because Amerisure has stated a claim upon which relief can be granted.**

"When considering a motion to dismiss for failure to state a claim, a court must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff." *Murphy v. FDIC*, 208 F.3d 959, 962 (11th Cir. 2000). "Federal Rule of Civil Procedure 8(a)(2) requires 'only a short and plain statement of the claim showing that the pleader is entitled to relief,'" and does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2006). As the Eleventh Circuit has explained, a motion to dismiss for failure to state a claim

> "should be denied unless it appears *beyond doubt that the Plaintiff can prove no set of facts in support of its claims*." (emphasis added) A complaint must not be dismissed unless it is shown that plaintiff can prove no set of facts in support of this claim, which would entitle him to relief. Thus, the movant sustains a very high burden.

*Jackam v. Hosp. Corp. of Am.*, 800 F.2d 1577, 1579 (11th Cir. 1986) (citations omitted).

In order to state a claim for breach of contract, a plaintiff must allege (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from that breach. *Gallegos v. Great S. Life Ins. Co.*, No. 11-21199-CIV-LENARD/O'SULLIVAN, 2011 U.S. Dist. LEXIS 166626 (S.D. Fla. July 6, 2011) (quoting *Zarella v. Pacific Life Ins. Co.*, 755 F. Supp. 2d 1231, 1241 (S.D. Fla. 2011)). Under Florida law, if an insurer fails to comply with its duty to defend or duty to indemnify an insured pursuant to an insurance policy, the insured may sue for breach of contract. *Sanderson v. Zurich Am. Ins. Co.*, No. 8:09-cv-1755-T-23AEP, 2009 U.S. Dist. LEXIS 115574, at *6 (M.D. Fla. Dec. 11, 2009) (citations omitted); *see also Carrousel Concessions, Inc. v. Fla. Ins. Guar. Ass'n*, 483 So. 2d 513, 516 (Fla. 3d DCA 1986) ("If the insurer breaches its duty to defend, it -- like any other party who fails to perform its contractual obligations -- becomes liable for all damages naturally flowing from the breach.").

Amerisure's complaint against Seneca sets forth a short and plain statement of the facts showing that it is entitled to relief on its claim for breach of contract against Seneca. Specifically, Amerisure alleges the existence of a contract by asserting that Seneca issued a commercial general liability policy to MRK Construction, Incorporated ("MRK"), under which Walmart—Amerisure's subrogor—qualifies as an additional insured. (D.E. 1 at ¶¶ 20-21.) Amerisure alleges that Seneca breached that contract by failing to defend and indemnify Walmart in the underlying lawsuit, as required by the terms of the policy. (D.E. 1 at ¶¶ 30-31.) Finally, Amerisure alleges that as a result of Seneca's breach, Amerisure—as Walmart's subrogee—has been and will continue to be damaged, including, but not limited to attorney's fees, costs, and other expenses in defending the underlying lawsuit and paying the underlying judgment against Walmart. (D.E. 1 at ¶¶ 32-34.)

This Court should reject Seneca's sole argument—that Seneca had no duty to defend because Walmart does not constitute an additional insured on the Seneca policy—because its argument is contrary to the plain and unambiguous language in the Seneca policy and is premised upon a string of cases analyzing different policy language. (*See* D.E. 11 at 12-13.)

In this case, Amerisure alleges in the complaint that Walmart qualifies as an additional insured pursuant to the additional insured endorsement in the Seneca policy, which states, in relevant part:

ADDITIONAL INSURED – OWNERS, LESSEES OR
CONTRACTORS – SCHEDULED PERSON OR
ORGANIZATION

This endorsement modifies insurance provided under the following

COMMERCIAL GENERAL LIABILITY COVERAGE PART

| SCHEDULE | |
|---|---|
| **Name Of Additional Insured Person(s) or Organization(s):** | **Location(s) Of Covered Operations** |
| AS REQUIRED BY WRITTEN CONTRACT | AS REQUIRED BY WRITTEN CONTRACT |

**A. Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" *caused, in whole or in part by*
1. Your acts or omissions, or
2. The acts or omissions of those acting on your behalf
in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

(D.E. 1 at ¶ 21; *see also* D.E. 4-5 at 49 (emphasis added).) Amerisure further alleges, and Seneca does not dispute in its Motion to Dismiss, that the named insured, MRK, was required by written contract to include Walmart as an additional insured on the Seneca policy. (D.E. 1 at ¶ 19.) Thus, Amerisure qualifies as an additional insured on the Seneca policy "with respect to liability for

4

'bodily injury' . . . caused, in whole or in part by: 1. [MRK's] acts or omissions, or 2. The acts or omissions of those acting on [MRK's] behalf."

It is well-established that under Florida law, where the policy language is clear and unambiguous, it must be construed in accordance with its plain language. *Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 33 (Fla. 2000). Additionally, where a policy fails to include clear language limiting coverage to vicarious liability, an additional insured is entitled to coverage for its own negligence. *Nationwide Mut. Co. v. Nelson*, 369 F. Supp. 3d 1249, 1267 (M.D. Fla. 2018) (citations omitted). Although it does not appear that any Florida court has considered whether this particular additional insured endorsement is limited to vicarious liability, other jurisdictions have concluded that this particular additional insured endorsement is not limited to the additional insured's vicarious liability, and also provides coverage where the additional insured is sued for its own negligence, as long as the named insured was at least partially at fault. *See, e.g.*, *First Mercury Ins. Co. v. Shawmut Woodworking & Supply, Inc.*, 660 Fed. App'x 30, 34-35 (2d Cir. 2016) (affirming summary judgment that insurer had duty to defend contractor and subcontractor pursuant to policy issued to sub-subcontractor even though underlying lawsuit only alleged negligence against contractor and subcontractor and did not name sub-subcontractor or allege any injuries caused by sub-subcontractor's acts or omissions, and rejecting argument that coverage was limited to additional insured's vicarious liability); *Am. Guar. & Liab. Ins. Co. v. Norfolk S. Ry. Co.*, 278 F. Supp. 3d 1025, 1042 (E.D. Tenn. 2017) (explaining that policy language providing coverage to additional insured for injury "caused, in whole or in part, by" named insured "undercuts [insurer]'s argument that the policy only covers [additional insured]'s vicarious liability" because the "phrase 'caused, in whole or in part' denotes shared fault, and vicarious liability, on the other hand, 'is an all or nothing proposition'"); *Pro Con, Inc. v. Interstate Fire &*

5

*Cas. Co.*, 794 F. Supp. 2d 242, 256-57 (D. Me. 2011) (concluding that by providing additional insured coverage for injury "caused, in whole or in part" by named insured, insurer intended coverage for additional insureds to extend beyond only those claims for vicarious liability of named insured, and ultimately holding that insurer had duty to defend additional insured for claims of direct negligence since those claims ultimately arose out of subcontractor's operations). *Cf. Scottsdale Ins. Co. v. Granada Ins. Co.*, 371 F. Supp. 3d 1130, 1135 (S.D. Fla. 2019) (noting that subcontractor's liability insurer agreed that it had duty to defend contractor as additional insured under policy language identical to Seneca policy even though contractor was sued for direct claims rather than vicarious liability of subcontractor unless any policy exclusions applied).

For example, in *Capital City Real Estate, LLC v. Certain Underwriters at Lloyd's London*, a general contractor was retained to renovate a building located at 57 Bryant Street in Washington, DC, and the general contractor subsequently contracted with a subcontractor for the foundation, structural, and underpinning work. 788 F.3d 375, 377 (4th Cir. 2015). As required by the subcontract, the subcontractor obtained a commercial general liability policy, which included an additional insured endorsement for the contractor "but only with respect to liability for . . . 'property damage' . . . caused in whole or in part by: 1. [the subcontractor's] acts or omissions; or 2. The acts or omissions of those acting on [the subcontractor's] behalf; in the performance of [the subcontractor's] ongoing operators for [the contractor]." *Id.* During the work, a common shared wall between 57 Bryant Street and 55 Bryant Street collapsed, after which the owner of 55 Bryant Street submitted a claim to his own insurance carrier for property damage. *Id.* That insurer, as subrogee of its insured, subsequently filed a lawsuit against the contractor and three other defendants. *Id.* at 377-78. The complaint did not include any allegations against the subcontractor or seek any damages for any acts or omissions by the subcontractor, but instead attributed the

6

collapse and damage to the negligence of the named defendants, including the contractor. *Id.* at 378. The contractor filed a third-party complaint against the subcontractor, and demanded a defense and indemnification. *Id.* In response, the subcontractor's commercial general liability carrier denied coverage to the contractor, and the contractor filed a declaratory judgment action seeking a declaration that the subcontractor's carrier had a duty to defend and indemnify it in the underlying lawsuit. *Id.* The district court granted summary judgment in favor of the carrier, and the contractor appealed. *Id.*

The Fourth Circuit first noted that the language in the additional insured endorsement "is quite clear that coverage is provided for [the contractor], as the additional insured, for 'property damage . . . caused in whole or in part by' [the subcontractor]," and specifically found that the plain language provides coverage to the contractor for property damage caused by the subcontractor either in whole or in part. *Id.* at 380. It then went on to reject the carrier's argument that the scope of coverage was limited to the contractor's vicarious liability for the subcontractor's acts or omissions, finding that "there is no mention of vicarious or derivative liability in the Endorsement" and the plain language of the endorsement controls. *Id.* The Fourth Circuit also found that the contractor was an additional insured so as to trigger the duty to defend even though the underlying complaint was silent about the involvement of the subcontractor. *Id.* at 381-82. The underlying complaint alleged that the named defendants were negligent in failing to properly excavate and support the structure at 57 Bryant Street and failed to comply with the applicable standard of care while performing the renovations at 57 Bryant Street. *Id.* at 382. Since the subcontractor's "involvement in those renovations is undisputed, it cannot be said that the complaint does not seek to hold the named defendants liable for property damage 'caused in whole or in part' by [the subcontractor]." *Id.* at 382.

7

*Capital City Real Estate* is directly on point. As in that case, the Seneca policy provides coverage to Walmart as an additional insured for "liability for 'bodily injury' . . . caused, in whole or in part by" MRK's acts or omissions. (D.E. 1 at ¶ 21; D.E. 4-5 at 49.) Under the plain and unambiguous language, the additional insured endorsement is not limited only to Walmart's vicarious liability. Rather, as the court found in *Capital City Real Estate*, by including the phrase "caused, in whole or in part by" MRK, Seneca agreed to provide coverage to Walmart even for its own negligence, as long as MRK was partially at fault. In the underlying lawsuit against Walmart, the claimants alleged that they were injured at a Walmart store on or about October 21, 2011, "when a part of the ceiling collapsed and the [claimants] were pelted with large quantities of wet cement." (D.E. 4-1 at 2.) They further alleged that Walmart, "its agents, servants or employees" were negligent in failing to maintain the premises in a reasonably safe condition by allowing wet cement to create a dangerous condition; failing to warn of the dangerous condition; failing to place barricades, warning signs, or other markings to alert customers of the potentially dangerous condition; failing to properly handle the wet cement with reasonable and prudent care; failing to correct the dangerous condition when it knew or should have known that the general public used the area in question; and performing negligent work or renovations by allowing wet concrete to fall on the claimants. (D.E. 4-1 at 2-3.) Although MRK was not named as a defendant in the underlying lawsuit filed against Walmart, as in *Capital City Real Estate*, MRK's involvement in the renovations at Walmart, particularly with respect to the cement work, is undisputed. Indeed, Seneca concedes in its Motion to Dismiss that Walmart contracted with Case Contracting Company, Inc. ("Case") to serve as a general contractor on the remodeling project, and that Case subcontracted with MRK "to perform masonry and cement work on the premises." (D.E. 11 at 3.) Walmart also filed a third-party complaint against MRK in the underlying lawsuit, in which it

alleged that the injuries asserted by the claimants were caused by MRK's acts or omissions. (D.E. 4-2.) Accordingly, this Court should reject Seneca's argument that Walmart cannot qualify as a named insured because the underlying lawsuit did not assert a claim for vicarious liability. The plain language of the policy does not require a claim for vicarious liability against the additional insured, and the allegations against Walmart in the underlying lawsuit include fault as a result of MRK's acts or omissions regardless of whether MRK was named as a defendant therein. Had Seneca intended to insure an additional insured only for vicarious liability of the named insured, it could have easily specified that within the policy. *See, e.g.*, *Norfolk S. Ry. Co.*, 278 F. Supp. 3d at 1043 (explaining that nothing prevented insurer from specifically precluding additional insured from receiving coverage for its own negligence and, had it intended to limit coverage to vicarious liability, it could have specified the same in the policy).

Seneca does not cite any legal authority to support its position that the policy language in the additional insured endorsement in the Seneca policy requires an allegation of vicarious liability for the named insured's negligence. The holdings in the cases cited by Seneca are based on completely different additional insured endorsements. *Compare Cmty. Asphalt Corp. v. Travelers Indem. Co. of Am.*, No. 16-21758-CIV-LENARD/GOODMAN, 2017 U.S. Dist. LEXIS 63877, at **5, 24 (S.D. Fla. Apr. 26, 2017) (holding that additional insured coverage that applies "a) [o]nly with respect to liability for 'bodily injury', 'property damage' or 'personal injury'; and b) [i]f, and only to the extent that, the injury or damage is caused by acts or omissions of you or your subcontractor in the performance of 'your work' . . . ." is limited to additional insured's vicarious liability); *King Cole Condo Ass'n, Inc. v. Mid-Continent Cas. Co.*, 21 F. Supp. 3d 1296, 1298-99 (S.D. Fla. 2014) (holding that additional insured endorsement providing insurance to additional insured "but only with respect to liability directly attributable to your performance of ongoing

operations for that insured" was limited to additional insured's vicarious liability for named insured); *United Rentals, Inc. v. Mid-Continent Cas. Co.*, 843 F. Supp. 2d 1309 (S.D. Fla. 2012) (considering whether party qualified as additional insured under policy that required a "legally valid 'insured contract'"); *Mid-Continent Cas. Co. v. Constr. Servs. & Consultants, Inc.*, No. 06-CV-80922-MARRA/JOHNSON, 2008 U.S. Dist. LEXIS 30718, at **8-9 (S.D. Fla. Mar. 31, 2008) (concluding that additional insured endorsement that provided insurance "only with respect to liability directly attributable to [named insured]'s performance" did not provide insurance for additional insured's own acts or omissions, but instead was limited to vicarious liability as a result of contractual relationship with named insured); *Garcia v. Fed. Ins. Co.*, 969 So. 2d 288 (Fla. 2007) (holding that additional insured endorsement that provides coverage to additional insured for "liability because of acts or omissions" of the named insured is limited to additional insured's vicarious liability).

To the extent the federal district court cases cited by Seneca have construed the phrase, "caused, in whole or in part" in other policy provisions, such as the definition of an "insured contract," to be limited to vicarious liability, the Florida Fourth District Court of Appeal has since rejected that interpretation under Florida law. *Mid-Continent Cas. Co. v. Royal Crane, LLC*, 169 So. 3d 174, 182-83 (Fla. 4th DCA 2015) (rejecting "narrow view" in *United Rentals, Inc.*, *King Cole Condo Ass'n*, and *Constr. Servs. & Consultants, Inc.* that use of the phrase "caused, in whole or in part" within the definition of "insured contract" is limited to vicarious liability, and instead concluding that language extends to claims alleging liability by both named insured/indemnitor and indemnitee). In concluding as it did, the Florida appellate court relied upon a case from Minnesota. *Id.* (citing *Nor-Son, Inc. v. W. Nat'l Mut. Ins. Co.*, No. A11-2016, 2012 Minn. App. Unpub. LEXIS 411 (Minn. Ct. App. May 14, 2012)). Of particular relevance, in *Nor-Son, Inc.*,

10

the Minnesota court considered whether a subcontractor's commercial liability insurer was obligated to defend a general contractor as an additional insured under an additional insured endorsement identical to the one in the Seneca policy. 2012 Minn. App. Unpub. LEXIS at **4-5. The claimant did not file suit against the subcontractor or otherwise allege any negligent acts by the subcontractor. *Id.* at *4. The general contractor filed a third-party complaint against the subcontractor, and provided that complaint to the insurer in order to demand a defense. *Id.* at *5. The insurer argued that it was only required to defend or indemnify the general contractor for its vicarious liability for the subcontractor. *Id.* The court rejected that argument, however, noting that the policy language extends coverage for liability incurred by the general contractor if caused, in whole or in part by the subcontractor's negligence, which "indicates that policy coverage is not limited solely to vicarious liability." *Id.* at **7-8. Based upon the foregoing, this Court should construe the phrase "cause, in whole or in part by" within the additional insured endorsement in a manner consistent with its plain meaning and with Florida's Fourth District Court of Appeal in *Royal Crane, LLC*. *See Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1021 (11th Cir. 2014) ("In interpreting Flroida law, we look first for case precedent from the Florida Supreme Court. Where we find none, we are 'bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise.'" (citation omitted)).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Seneca's Motion to Dismiss (D.E. 11).

Dated: April 21, 2020

Respectfully submitted,

**BOYD & JENERETTE, P.A.**

*/s/Kansas R. Gooden*
**KANSAS R. GOODEN**
Florida Bar No. 58707
kgooden@boydjen.com
**ANDREW ABRAMOVICH**
Florida Bar No.: 43128
aabramovich@boydjen.com
11767 S. Dixie Hwy, #274
Miami, FL 33156
Tel:  (305) 537-1238
Fax:  (904) 493-5658

**KELLY L. GILLIS**
Florida Bar. No. 68642
kgillis@boydjen.com
201 N. Hogan Street, Suite 400
Jacksonville, FL 32202
Tel:  (904) 353-6241
Fax:  (904) 353-2863
***Counsel for Plaintiff Amerisure Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April, 2020, I filed a true and correct copy of the foregoing with the Clerk of the Court through the CM/ECF system, which will send a notice of electronic filing to all counsel of record identified on the Service List below.

*/s/Kansas R. Gooden*
**KANSAS R. GOODEN**

**Service List**

Josh Levy, Esq.
Florida Bar No. 668311
Kennedys LLP
1395 Brickell Avenue, Suite 640
Miami, FL 33131
Telephone (305) 371-1111
Facsimile: (305) 374-8066
josh.levy@kennedyslaw.com
greter.medina@kennedyslaw.com
***Attorney for Seneca Specialty Insurance Company***